77 F.3d 492
 77 A.F.T.R.2d 96-1335
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Karen DAHN, Plaintiff-Appellant,
v.
United STATES of America; Maureen Ames and Keith Finley,
Defendants-Appellees.
 No. 94-4107.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1996.
 
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's dismissal of her claims against the United States due to her failure to serve the United States with a copy of the summons and complaint within 120 days of filing her action.[2] See Fed.R.Civ.P. 4(j) (1987). We exercise jurisdiction pursuant to 28 U.S.C. 1291 and reverse and remand for further proceedings.
 
 
 3
 Plaintiff filed this action on October 26, 1993, ostensibly to quiet title to property upon which the IRS asserted a lien. See 28 U.S.C. 2410(a). On October 25, plaintiff's counsel served a copy of the complaint, without a summons, on a clerk in the Salt Lake City office of the United States Attorney. Counsel did not mail a copy of either the summons or the complaint to the Attorney General of the United States in Washington, D.C.
 
 
 4
 On December 28, 1993, the United States filed a motion to dismiss based, in part, on plaintiff's failure to serve the United States under Fed.R.Civ.P. 4. Plaintiff's counsel responded to the motion by arguing that he had complied with the service requirements of 28 U.S.C. 2410; counsel did not mention the service requirements of Rule 4. Although 120 days from commencement of the action had not yet passed, plaintiff's counsel made no further attempt to serve the United States under Rule 4.
 
 
 5
 In March 1994, the district court dismissed plaintiff's claims against the United States with prejudice on the ground that plaintiff had not met the requirements for service contained in Rule 4 of the Federal Rules of Civil Procedure that were in effect before December 1, 1993. See R. Vol. I, Doc. 16 at 2-3. We review this dismissal for untimely service under an abuse of discretion standard. Espinoza v. United States, 52 F.3d 838, 840 (10th Cir.1995). We note at the outset that the parties agree that a dismissal based solely on the failure to effect proper service should not be with prejudice, as the district court ordered. See Fed.R.Civ.P. 4(j) (1987); Fed.R.Civ.P. 4(m) (1993).
 
 
 6
 In December 1993, amendments to Rule 4 went into effect that "substantially changed the scope of discretion to be exercised by the district courts under [Rule 4]." Espinoza, 52 F.3d at 840. Before the 1993 amendments, Rule 4(j) permitted the district court to extend the time for service of the summons and complaint only upon a showing of good cause. In the absence of such a showing, the district court had to dismiss the case. The 1993 amendments broadened the district court's discretion. Rule 4(j) was recodified as Rule 4(m), and amended to permit the district court to extend the time for service even if the plaintiff cannot establish good cause for the failure to effect timely service. Espinoza, 52 F.3d at 840-41.
 
 
 7
 In Espinoza, we retroactively applied the 1993 amendments to a case that was pending in the district court at the time the amendments went into effect, reasoning that the 1993 amendments should be applied " 'to the maximum extent possible.' " 52 F.3d at 840 (quoting Burt v. Ware, 14 F.3d 256, 258 (5th Cir.1994)). Here, the 1993 amendments were already in effect by the time the government moved to dismiss for lack of proper service, and they had been in effect for several months by the time the district court ruled on the dismissal motion. Therefore, as in Espinoza, "[b]ecause we believe it to be 'just and practicable,' " we conclude that Rule 4(m) should apply to this case. Id. (quoting The Order of the United States Supreme Court Adopting and Amending the Federal Rules of Civil Procedure (April 22, 1993), reprinted in 113 S.Ct. 478 (1992)).
 
 
 8
 Pursuant to Rule 4(m), a district court should take a two-step approach to extensions of time for service. The court should first inquire whether the plaintiff has established good cause for failing to effect timely service. If the plaintiff has established good cause, the court must extend the time for service. Espinoza, 52 F.3d at 841. "If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." Id.
 
 
 9
 Here, the district court dismissed plaintiff's claims against the United States without expressly considering whether good cause existed for her failure to serve the United States in a timely fashion. Because the court applied Rule 4(j) rather than Rule 4(m), the court also did not consider whether plaintiff should be given an extension of time to serve the United States even in the absence of a showing of good cause. Therefore, we must remand the action to the district court so that it may reconsider the government's motion to dismiss in light of Rule 4(m).[3]
 
 
 10
 In Espinoza, we mentioned some factors that should guide the court in deciding whether to grant a permissive extension of time, including whether the statute of limitations would now bar the plaintiff's claims. 52 F.3d at 842. Although plaintiff, here, does not argue that the statute of limitations would prevent her from bringing a new action if she were not granted an extension of time to serve the United States, she does make a similar argument based on the government's sale of the subject property during the pendency of this action. Plaintiff argues that, unless she is permitted to serve the United States and continue the present action, she will lose her 2410 cause of action. Specifically, she contends that, because the government no longer has a lien interest in the property, she cannot institute a new 2410 action, but she can continue the present action, because the government had a lien interest in the property at the time the action was commenced.
 
 
 11
 In deciding whether to grant a permissive extension of time under Rule 4(m), the district court should consider whether plaintiff's 2410 claim would now be barred if she had to refile. The court should also consider Rule 4's "solicitous attitude toward plaintiffs faced with 'the complex requirements of multiple service' [on the United States] under Rule 4(i)." Espinoza, 52 F.3d at 842.
 
 
 12
 Accordingly, the judgment of the United States District Court for the District of Utah is REVERSED, and the action is REMANDED for reconsideration of the government's motion to dismiss in light of Fed.R.Civ.P. 4(m) (1993).
 
 
 13
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 The district court also dismissed plaintiff's claims against the individual defendants, but plaintiff does not challenge this dismissal on appeal
 
 
 [3]
 On appeal, the government argues that we should affirm the district court's dismissal of plaintiff's claims because her complaint fails to state a claim under 28 U.S.C. 2410 and, therefore, fails to establish the requisite waiver of sovereign immunity. See James v. United States, 970 F.2d 750, 753 (10th Cir.1992)(discussing waiver of sovereign immunity under 2410). The government also argues that, to the extent plaintiff seeks to enjoin the collection of a tax, her claims are barred by the Anti-Injunction Act, 26 U.S.C. 7421. Plaintiff, in turn, argues that dismissal on these alternative grounds is not appropriate because she can correct any alleged deficiencies in her complaint if given an opportunity to amend her complaint on remand
 Because it dismissed the complaint for untimely service, the district court never had an opportunity to address the government's alternative grounds for dismissal or to consider whether the complaint could be amended to correct the alleged problems. Rather than address these issues in the first instance on appeal, we commend them to the district court to consider on remand.