77 F.3d 460
 77 A.F.T.R.2d 96-1337
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
In re Edouard GADOURY, Jr.
Edouard GADOURY, Jr., Appellant,
v.
UNITED STATES OF AMERICA FOR INTERNAL REVENUE SERVICE, Appellee.
 No. 95-1872.
 United States Court of Appeals, First Circuit.
 Feb. 26, 1996.
 
 Appeal from the United States District Court for the District of Rhode Island; Hon. Raymond J. Pettine, Senior U.S. District Judge.
 Guido R. Salvadore for appellant.
 Alice L. Ronk with whom Lorretta C. Argrett, Assistant Attorney General, Gary R. Allen, David English Carmack and Sheldon Whitehouse, United States Attorney, were on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, ALDRICH, Senior Circuit Judge, and SELYA, Circuit Judge.
 PER CURIAM.
 
 
 1
 Edouard Gadoury, Jr.'s appeal covers an unfavorable decision by the Internal Revenue Service that he is a responsible person who willfully failed to pay over withheld payroll taxes, 26 U.S.C. § 6672,[1] the burden of proof being upon him, Caterino v. United States, 794 F.2d 1 (1st Cir.1986), cert. denied, 480 U.S. 905 (1987); a finding supporting the IRS by the United States Bankruptcy Court;[2] findings by a magistrate concluding that the bankruptcy court had not committed clear error, and the district court's confirmation of the magistrate's findings. Proof of clear error is Gadoury's burden throughout; we do not have de novo review. Id. at 5. Unhappily, he has not succeeded. We consider first a procedural point, in fact but a straw to which Gadoury, understandably, would cling. When, by a course that we need not consider, he found himself in the bankruptcy court, Gadoury filed a motion for the court to determine that he had no § 6672 liability. The government, erroneously interpreting the motion to be merely a request for a hearing, awaited the court's response, only to discover that the response was to allow the motion, in light of the government's failure to reply. The government then sought vigorously to have the order vacated under Fed.R.Civ.P. 55(e) (made applicable to adversary proceedings by Bankr.R. 7055) which prohibits entry of default against the United States unless plaintiff has presented evidence on the merits. Alternatively, it asserted good cause under Rule 55(c). We find no error either way in the court's rescission of the order and proceeding to a trial.
 
 
 2
 Our substantive start and, indeed, finish, is whether the district court properly refused to reject the bankruptcy findings that Gadoury was responsible, and "willfully" failed to pay the payroll taxes, aided by the IRS's presumption of correctness with which it entered the bankruptcy court. Caterino, 794 F.2d at 5. We are further reminded by that opinion that such findings may be aided by unexpressed inferences if they reasonably appear to have been intended by the court. 794 F.2d at 6 n. 2. Some of the facts found by the bankruptcy court, plus some stipulated, are as follows:
 
 
 3
 Gadoury was hired by Sprague Company in 1986 as bookkeeper. His title was changed to Controller. As such he was not an officer, but he could sign company checks, solo, and did sign company tax returns and tax checks. The bankruptcy court, however, correctly ruled, "[T]he cases do say again and again that just mere check writing authority is not enough." There was, of course, more. The court found, on evidence that it believed, as well as the parties' stipulations, that Gadoury had significant control over disbursement of the company's funds, making him a responsible person. For good measure, it also found that he had received no special instructions not to pay.[3] Gadoury fully disputed this evidence. Looked at most favorably to him it might be possible to find, in light of the company's business straits and poor cash flow, he not only had special instructions not to pay, but that a broad order from his superior reduced his authority altogether, with his superior taking over his duties. The difficulty here is that the superior denied this, and the court believed him. The fact that the court failed to discuss Gadoury's evidence, or state why it was not persuasive, does not make its contrary findings clear error.
 
 
 4
 As to willfulness, Gadoury admitted that he was aware the taxes were not being paid, that he urged them to be paid, but that he failed to take any steps to see that they were in fact paid. There is no more to be said.
 
 
 5
 Affirmed.
 
 
 
 [1]
 (a) General rule. Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over
 
 
 [2]
 Gadoury having ended up in a Chapter 7 proceeding
 
 
 [3]
 For the possible importance of such, see Howard v. United States, 711 F.2d 729 (5th Cir.1983)