IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 95-20299

---

CHEVRON USA, INC.,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

---

Appeal from the United States District Court for the
Southern District of Texas
(CA-H-93-0660)

---

February 21, 1996

Before GARWOOD, EMILIO M. GARZA and DENNIS, Circuit Judges.[*]

PER CURIAM:

We affirm, essentially for the reasons given in the district court's well-considered opinion. We further note that although taxpayer and its parent filed consolidated income tax returns, there is no provision for consolidated Windfall Profits Tax returns, and taxpayer admits that the logic of its theory of the case would apply with equal force if it and its parent did not file consolidated income tax returns. *Landreth v. United States*, 963

---

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

F.2d 84 (5th Cir. 1992), cannot bear the weight taxpayer would place on it. Although it is a Windfall Profits Tax case, it is relevant at most by a somewhat removed analogy. Neither *Dresser Industries, Inc. v. Commissioner*, 911 F.2d 1128 (5th Cir. 1990), nor *General Portland Cement Co. v. United States*, 628 F.2d 321 (5th Cir. 1980), *cert. denied*, 450 U.S. 983 (1981), both income tax cases, stretch the principles of cost accounting across separate corporate entities so as to allow one to treat as its expense an item incurred and paid by the other.

The judgment of the district court is

AFFIRMED.