78 F.3d 594
 77 A.F.T.R.2d 96-1113, 96-1 USTC P 50,167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Phuoc G. CAO; Nghia T. Le, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 94-70487.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1996.*
Decided Feb. 29, 1996.
 
 Before: POOLE, WIGGINS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Phuoc Cao and his wife, Nghia Le, appeal pro se the Tax Court's decision, upholding certain deficiency determinations and penalty assessments made by the Commissioner of Internal Revenue ("Commissioner") with respect to their 1987 joint federal tax return. We have jurisdiction pursuant to 28 U.S.C. § 7482(a)(1) (1994), and we affirm.
 
 FACTS
 
 3
 This appeal involves deductions claimed by Cao and Le (collectively "taxpayers") for the 1987 tax year. Cao, an electronic technician, started selling real estate in 1987. In the same year, Le started working as a mortgage broker. After conducting an audit of the taxpayers' 1987 income, the Commissioner issued a Notice of Deficiency, finding a deficiency of $7,450.[1] The Commissioner disallowed some of the deductions claimed by the taxpayers because they failed to substantiate the basis for the deductions to the Commissioner's satisfaction. The Commissioner also assessed penalties for failure to file a tax return, negligence, and substantial understatement of income tax.
 
 
 4
 The taxpayers filed a petition with the United States Tax Court for a redetermination of the income tax deficiency and penalty assessments made by the Commissioner. Prior to trial before the Tax Court, the Commissioner increased some of the allowances for deductions and conceded that the taxpayers were not liable for the additional tax imposed for failure to file a tax return. The deficiency amount was further reduced by Cao's payment of his self-employment tax prior to trial. The parties memorialized these changes in their stipulation of facts, filed with the Tax Court.
 
 
 5
 At trial, Cao proceeded pro se and testified on behalf of himself and his wife. Aside from his testimony, Cao also introduced into evidence an appointment book for 1987, cancelled checks and carbon copies of money orders, a copy of the taxpayers' 1987 telephone bills, various receipts, and a "guest" book containing five and a half pages of signatures.[2] Based on the evidence, the Tax Court concluded that the taxpayers failed to carry their burden for substantiating the claimed deductions. It sustained most of the Commissioner's disallowance calculations, but increased the deduction allowance for Cao's commission expenses on his Schedule C and for Le's promotion expenses on her Schedule C. The Tax Court also sustained the additions to tax penalties.
 
 DISCUSSION
 I. STANDARD OF REVIEW
 
 6
 The Tax Court's conclusions of law are reviewed de novo and findings of fact are reviewed for clear error. Kelley v. Commissioner, 45 F.3d 348, 350 (9th Cir.1995).
 
 II. DEFICIENCY OF INCOME TAX
 
 7
 The Commissioner's determination of deficiency in income tax is presumptively correct, Meridian Wood Prods. Co. v. United States, 725 F.2d 1183, 1189 (9th Cir.1983), and the taxpayer bears the burden of showing entitlement to a particular deduction. Norgaard v. Commissioner, 939 F.2d 874, 877 (9th Cir.1991).
 
 
 8
 A. Schedule A Deduction for Loan Processing Fees
 
 
 9
 The taxpayers claimed $2,295 in deductions for processing fees paid in connection with a loan used to refinance an existing indebtedness on their residence. The Commissioner allowed $1,531 of the deduction, but disallowed $764.
 
 
 10
 The taxpayers provided no evidence in support of deducting the $764 under I.R.C. § 163(a),[3] which allows a deduction for "interest paid or accrued within the taxable year on indebtedness." Interest on indebtedness is defined as "compensation for the use or forbearance of money." Deputy v. Du Pont, 308 U.S. 488, 498, 60 S.Ct. 363, 84 L.Ed. 416 (1940). Cao testified that the $764 represents a processing fee for a loan used to refinance the taxpayers' home. However, he did not testify as to the nature of this processing fee. Without more, he fails to establish that the fees were for the use or forbearance of money rather than for specific services performed by the lender in connection with the loan.
 
 
 11
 Likewise, Cao's testimony does not prove that the $764 amount is deductible under I.R.C. § 461(g)(2), which provides, inter alia, that fees paid on loans incurred in connection with the purchase or improvement of the taxpayer's principal residence may be deductible. Nothing in the record indicates that the taxpayers refinanced the existing indebtedness on their residence in connection with the purchase of their house rather than for some other financial reason, such as lowering the interest rate on their original loan. See Huntsman v. Commissioner, 905 F.2d 1182, 1185 (9th Cir.1990) (loan fees related to acquiring a permanent mortgage and finalizing the purchase of a house were deductible under § 461(g)(2)).
 
 
 12
 In sum, Cao's testimony does not establish by a preponderance of evidence that the $764 was for the use or forbearance of money or to finalize the purchase of the taxpayers' home. Accordingly, the Tax Court's conclusion that the $764 amount is not deductible interest is not clearly erroneous.
 
 
 13
 B. Schedule C Deductions for Business Expenses
 
 
 14
 "[A]ll ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business" are deductible. I.R.C. § 162. To qualify for a deduction under I.R.C. § 162, the taxpayer must establish that the expense was (1) paid or incurred during the taxable year; (2) for carrying on a trade or business; and (3) a necessary and ordinary expense. See Commissioner v. Lincoln Sav. & Loan Ass'n, 403 U.S. 345, 352, 91 S.Ct. 1893, 29 L.Ed. 519 (1971). For the following reasons, the Tax Court's decision, upholding the disallowance for certain deductions claimed on the taxpayers' Schedule C forms, is not clear error.
 
 1. Commission Expenses
 
 15
 Cao claimed a deduction in the amount of $2,500 for commission expenses. The Commissioner allowed $1,000 of the deduction, but disallowed $1,500. Cao testified that although he paid the $1,500 in cash, a logbook, maintained by Le, substantiates that amount. The logbook (a 1987 appointment book) was entered into evidence at trial. The entries in the logbook do not specify any commission payments. Significantly, Cao made no attempt to identify any of the entries as the purported cash commission payments.[4]
 
 2. Promotion Expenses
 
 16
 Le claimed a deduction in the amount of $1,753 for her promotion expenses. The Commissioner disallowed the entire amount. At trial, Cao testified that Le printed fliers to advertise her services and that the promotional efforts were necessary because she needed to build a client base for her new business. Cao further testified, without any specificity, that some of the cancelled checks, entered into evidence, relate to payments for Le's promotional efforts. However, only five of the checks entered into evidence have "flyer" or "advertising" written on them, and they total only $187.95.[5]
 
 3. Automobile Expenses
 
 17
 Le claimed a deduction in the amount of $3,071 for her automobile expenses. The Tax Court upheld the Commissioner's disallowance of the entire amount. Cao testified that the deduction reflects expenses related to Le's business. According to Cao, they did not keep a log of her mileage per trip and were "guessing" when they wrote on Le's Schedule C that she travelled 13,600 miles in 1987. Because Cao and Le kept no records of her travel expenses, I.R.C. § 274 precludes any deduction for this expense. See I.R.C. § 274 (taxpayer must present adequate records to corroborate the taxpayer's statement in support of a claimed deduction for any activity that is generally considered to constitute entertainment, amusement, and recreation); Meridian Wood Prods., 725 F.2d at 1188 (section 274(d) precludes deduction for travel and entertainment expenses absent substantiation, showing the date, place, amount, business purpose, and business relationship of the expense).
 
 4. Entertainment Expenses
 
 18
 Le claimed a deduction in the amount of $5,000 for a reception for over 100 guests. Although this deduction was claimed on Le's Schedule C, the Commissioner found that this expense related more to Cao's business rather than Le's business. The Commissioner allowed a deduction of $1,250 on Cao's Schedule C and disallowed the entire $5,000 amount listed on Le's Schedule C.
 
 
 19
 Cao testified that approximately forty of the guests were his clients or potential clients, while approximately sixty of the guests were associated with his wife. He also introduced into evidence a guest book, containing the guests' signatures. The book does not contain any indication of the guests' relationship with the taxpayers. Nor did Cao attempt to specify the taxpayers' business relationship with the guests; he merely stated that they were all clients or potential clients. As discussed above, this evidence is insufficient to substantiate the deduction under I.R.C. § 274. See Meridian Wood Prods., 725 F.2d at 1188.
 
 5. Home Office Expenses
 
 20
 Cao claimed deductions for telephone charges ($1,135) and new furniture for his office in his house ($903). The Commissioner disallowed both deductions in their entirety because the taxpayers did not identify which calls on their billing statements were for business and did not provide adequate receipts for the office furniture. The taxpayers' failure to provide any evidence to show that part of their residence is used exclusively for their businesses is dispositive. See I.R.C. § 280A(c)(1) (deductions associated with home offices are limited to, inter alia, dwelling units "exclusively used on a regular basis" as a business). Accordingly, the Tax Court did not err in concluding that § 280A bars a deduction for the taxpayers' home office expenses.
 
 
 21
 III. ADDITION TO TAX FOR NEGLIGENCE UNDER SECTION 6653(a)
 
 
 22
 "The Tax Court's determination that the taxpayer failed to meet his burden of proving due care is a finding of fact, reviewed for clear error." Wolf v. Commissioner, 4 F.3d 709, 715 (9th Cir.1993). The assessment of such a penalty is presumptively correct. Kantor v. Commissioner, 998 F.2d 1514, 1522 (9th Cir.1993). A taxpayer challenging the Commissioner's assessment of a penalty under I.R.C. § 6653(a)(1) "has the burden of proving that he did what a reasonably prudent person would do under the circumstances," Wolf, 4 F.3d at 715 (quoting Skeen v. Commissioner, 864 F.2d 93, 96 (9th Cir.1989)), and that the underpayment is not the result of negligence. Kantor, 998 F.2d at 1522. We hold that the Tax Court's decision, sustaining the penalty assessment for negligence, is not clearly erroneous.
 
 
 23
 Section 6653(a) provides that if any underpayment of income taxes "is due to negligence or disregard of rules or regulations, there shall be added to the tax an amount equal to the sum of (A) 5 percent of the underpayment, and (B) an amount equal to 50 percent of the interest payable" due to late payment of taxes. I.R.C. § 6653(a)(1)(A), (B). Negligence under § 6653(a) is defined as "the lack of due care or the failure to do what a reasonable and prudent person would do under similar circumstances." Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir.1991). Cf. Collins v. Commissioner, 857 F.2d 1383, 1386 (9th Cir.1988) ("If the taxpayer is misguided, unsophisticated in tax law, and acts in good faith, a penalty is not warranted.").
 
 
 24
 The Tax Court sustained this penalty because Cao did not address this issue at trial. The record also supports the Commissioner's finding that the taxpayers were negligent in their preparation of their 1987 tax returns. Their evidence--the logbook, the telephone bills, the guest book, receipts, and cancelled checks--did not sufficiently identify the nature of each claimed deductible expense. Moreover, the taxpayers did not keep a log of their telephone calls and business travel. Lacking a record of their expenses, they guessed about Le's travel expenses on her Schedule C. Such negligent record keeping and preparation of tax returns support imposing a penalty under § 6653(a). See Lysek v. Commissioner, 583 F.2d 1088, 1094 (9th Cir.1978) (fact that checks did not equal amount claimed on tax returns indicate negligent record keeping and tax return preparation).
 
 
 25
 Cao's contention that the taxpayers merely relied on the advice of their accountant in claiming the deductions is unavailing because he did not discuss the exact nature of the advice. See Howard v. Commissioner, 931 F.2d 578, 582 (9th Cir.1991) (stating that a finding of negligence is not clearly erroneous where the record does not show the exact nature of the professional advice).
 
 
 26
 For the foregoing reasons, the Tax Court's finding that the taxpayers did not carry their burden of proving that they acted as a reasonably prudent person is not clear error.
 
 
 27
 IV. ADDITION TO TAX FOR SUBSTANTIAL UNDERSTATEMENT OF INCOME TAX UNDER SECTION 6661(a)
 
 
 28
 Section 6661 of the Internal Revenue Code provides that where there is a substantial understatement of income tax, a penalty equal to twenty-five percent of the underpayment in tax may be imposed. I.R.C. § 6661 (repealed 1989). A substantial understatement is defined as an amount that exceeds the greater of ten percent of the correct taxable income total or $5,000. I.R.C. § 6661(b)(1)(A). The understatement amount may be reduced if there is substantial authority for the taxpayer's treatment of a specific item on the return, or relevant facts affecting the item's tax treatment are adequately disclosed in the return or statement attached to the return. I.R.C. § 6661(b)(2)(B). Because the taxpayers' understatement of income tax meets the statutory definition of substantial understatement[6] and neither of the conditions of § 6661(b)(2)(B) applies, the Tax Court did not err in sustaining the taxpayers' liability for the addition to tax, pursuant to § 6661(a).
 
 CONCLUSION
 
 29
 For the foregoing reasons, we affirm the Tax Court's decision.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Commissioner's disallowance of deductions claimed on the taxpayers' joint Schedule A and separate Schedule C forms plus a $3,801 self-employment tax owed by both taxpayers that was unpaid at that time totalled $7,450
 
 
 [2]
 Although Le was not present at the proceeding, it appears that she received notice of the hearing and chose not to attend. The documentary evidence submitted by Cao purports to substantiate deductions claimed by both taxpayers
 
 
 [3]
 All citations to the Internal Revenue Code refer to the version of Title 26 of the United States Code in effect in 1987
 
 
 [4]
 Even though Cao failed to substantiate this amount, the Tax Court increased the allowance for deduction to $1,480. The court found that, although Cao was unable to substantiate the amount of the deductible expense, the record showed that he incurred a deductible expense; the Tax Court estimated Cao's deductible expense to be $1,480. The Commissioner does not challenge this increase
 
 
 [5]
 Again, the Tax Court estimated the deductible expense and allowed $1,000 to be deducted; the Commissioner does not challenge the allowance
 
 
 [6]
 The understatement amount ($6,440) exceeded ten percent of the correct tax return amount ($12,007)