## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## No. 95-10533
_____

In The Matter of: WILLIAM HAROLD COLLUM,
doing business as Harold Collum Co.;
MATTIE MERELYNE COLLUM,

Debtors.

WILLIAM HAROLD COLLUM; MATTIE MERELYNE COLLUM,

Appellants,

versus

UNITED STATES OF AMERICA (IRS),

Appellee.

_____

### Appeal from the United States District Court
### for the Northern District of Texas
### (3:91-CV-1247-P)
_____

April 12, 1996

Before REYNALDO G. GARZA, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The court has considered carefully the taxpayers' contention that no taxable disposition of their property to Interwest occurred in 1987. Taking all the facts into consideration, particularly the two-year duration of the transfer to Interwest and the company's assumption of the debtors' primary

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

liability to the savings and loan associations, we cannot conclude that the bankruptcy or district courts erred in deciding that a taxable transfer occurred. There is no persuasive basis for holding that under Texas law Interwest held the property in constructive trust for the debtors. Further, this is not a case in which the taxable form of a transaction ought to give way to its substance -- the substance of a taxable disposition existed here.

For essentially the reasons articulated by them, the judgments of the district and bankruptcy courts are AFFIRMED.