**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JANET GORDON,
<u>Plaintiff-Appellant,</u>

v.                                                                     No. 94-2324

UNITED STATES OF AMERICA,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Edward S. Northrop, Senior District Judge.
(CA-90-3003-N)

Submitted: April 15, 1996

Decided: April 25, 1996

Before ERVIN and MOTZ, Circuit Judges, and CHAPMAN,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Bradley A. Thomas, GOURDINE & THOMAS, Washington, D.C.;
Stephen O. Russell, Oxon Hill, Maryland, for Appellant. Loretta C.
Argrett, Assistant Attorney General, Gary R. Allen, Charles E. Brook-
hart, David A. Shuster, Tax Division, Lynne Ann Battaglia, United
States Attorney, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Janet Gordon appeals from the district court's order entering judgment in favor of the United States on her wrongful levy action filed pursuant to 26 U.S.C. § 7426(c) (1988). Gordon claims that the district court erred in admitting certain documents as evidence; in allowing the government to admit certain hearsay testimony; and that the district court's finding was unsupported by the evidence. We affirm.

On August 21, 1987, Gordon posted bail in the amount of $75,000 on behalf of her niece, Laverne Box, who had been arrested in Maryland on state drug charges and was subsequently convicted. The day before Box was sentenced, local and state officials instituted forfeiture proceedings as to the bail money, alleging that it was related to illegal drug transactions involving Box's codefendant. Gordon eventually settled the forfeiture proceeding, agreeing to allow Prince George's County to retain $25,000 and to keep the remaining $50,000.

Before the $50,000 was returned to Gordon, however, the Internal Revenue Service served a notice of levy upon the Prince George's County Director of Finance alleging that Gordon was only a nominee of the taxpayer. The funds were seized in partial satisfaction of a jeopardy assessment in the amount of $4,000,000 made against the taxpayer. Gordon then filed this wrongful levy action claiming that the $50,000 did not belong to the taxpayer. The district court, after a one-day trial, concluded that Gordon was, in fact, the nominee of the taxpayer and entered judgment in favor of the Government. Gordon appeals.

In a wrongful levy action brought under § 7426, the taxpayer has the initial burden of proving that she has an interest in the property. Morris v. United States, 813 F.2d 343, 345 (11th Cir. 1987). The Government concedes that Gordon met this initial burden.

2

Once the plaintiff's initial burden is met, however, the burden shifts to the government to prove, by "substantial evidence," a nexus between the taxpayer and the property seized. Morris, 813 F.2d at 345; Valley Fin., Inc. v. United States, 629 F.2d 162, 171 n.19 (D.C. Cir. 1980), cert. denied, 451 U.S. 1018 (1981). Gordon claimed that she saved this money over the years by hoarding it in various places in her apartment. The Government offered evidence to show that Gordon's income was such that she would have been unable to accumulate this amount of money and also that the taxpayer used multiple nominees to hide assets. The district court specifically discredited Gordon's testimony and credited the testimony of the government witnesses. That finding is not subject to review. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989) (credibility of witnesses is within sole province of fact-finder and not susceptible to review on appeal).

Gordon claims that the district court erred in admitting three documents (certain bank records and an Internal Revenue Service currency transaction report) because they were not authenticated. The authentication requirement, set forth in Fed. R. Evid. 901(a), is met if there exists "sufficient evidence to support a finding that the matter in question is what its proponent claims." We find that the records here were properly authenticated under Rule 901(a). Gordon further claims that the district court erred in admitting certain hearsay testimony. Our review of the record and the transcript of the hearing reveals that no part of the testimony at issue which constituted hearsay was admitted.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED