89 F.3d 848
 77 A.F.T.R.2d 96-2204, 96-1 USTC P 50,307
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Duane H. WALL, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-56541.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 10, 1996.
Decided May 1, 1996.
 
 Before: SCHROEDER and LEAVY, Circuit Judges, and TRIMBLE,* District Judge.
 MEMORANDUM**
 Duane H. Wall appeals from the district court's entry of summary judgment in favor of the government, arguing that the district court erred by concluding that it lacked subject matter jurisdiction over his tax refund claim. We review de novo, see Skagit County Pub. Hosp. v. Shalala, --- F.3d ----, ----, No. 95-35385, slip op. 4119, 4133 (9th Cir. Apr. 5, 1996), and we reverse.
 Prior to the enactment of the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub.L. No. 97-248, 96 Stat. 324 (1982), audits of tax items attributable to partnerships were conducted at the individual partner level. For partnership tax years beginning after September 3, 1982 (i.e., the date of the enactment of TEFRA), however, audits of tax items attributable to partnerships are to be conducted at the partnership level, see 26 U.S.C. §§ 6221-6233, while individual proceedings are governed by 26 U.S.C. § 6212. Thus, the usual authorization for individuals to sue for refund under 26 U.S.C. § 7422(a) is inapplicable to refund claims of partnership items (as defined by 26 U.S.C. § 6231(a)(3)), see 26 U.S.C. § 7422(h), unless the individual can bring his claim within one of two exceptions.
 Under the peculiar facts of this case, we conclude that the instant refund action falls within the exception set out at 26 U.S.C. § 6228(b), because Wall substantially complied with the procedures governing requests for administrative adjustment of partnership items under 26 U.S.C. § 6227(b). While the situation presented is an unusual one, we can discern no substantive purpose that would be served by requiring Wall to have filed, in addition to his second form 1040X, a partnership form 8082 that would have reflected no information beyond what was already set out in the second 1040X and the Partnership's Schedule K-1, particularly when the government itself treated the instant dispute at all times as an individual matter, and did not suggest that it could or should be viewed as a TEFRA partnership matter until the case was ready for decision by the district court.[1]
 REVERSED and REMANDED.
 
 
 
 *
 The Honorable James T. Trimble, Jr., United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir. 36-3
 
 
 [1]
 By virtue of our holding on this point, we necessarily reject the government's contention that Wall's claim is time-barred