86 F.3d 1155
 77 A.F.T.R.2d 96-2379, 96-2 USTC P 50,335
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William A. HILL, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 95-1752.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1996.
 
 1
 Before: BOGGS and MOORE, Circuit Judges; HILLMAN, District Judge.*
 
 ORDER
 
 2
 William A. Hill, pro se, moves for leave to proceed on the appeal in forma pauperis and moves for counsel on appeal from a tax court decision upholding a deficiency determination by the Commissioner of Internal Revenue Service. The Commissioner determined that Hill had unreported income from the sale of cocaine and antiques in 1988 in the amount of $17,658. In addition, the Commissioner determined that Hill was liable for unpaid self-employment tax under 26 U.S.C. § 1401, as well as for additions to tax under 26 U.S.C. §§ 6651(a)(1), 6653(a)(1), and 6654. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Hill filed a pro se petition in the tax court for a redetermination of the deficiencies. The tax court found that Hill had not kept any records of his income as required by 26 U.S.C. § 6001, and that Hill had not rebutted the presumption of correctness which is accorded to the Commissioner's deficiency determinations. The court further found that Hill was liable for self-employment tax under § 1401 in the amount of $5,859. Lastly, the court found that Hill had been negligent in failing to file a 1988 tax return, and in failing to pay tax on his cocaine and antique sales. On these grounds, the court upheld the deficiency determinations and the penalties. This appeal followed.
 
 
 4
 The Commissioner's determination that a tax deficiency exists is presumptively correct, and the taxpayer has the burden of proving that the determination is erroneous or arbitrary. Kearns v. Commissioner, 979 F.2d 1176, 1178 (6th Cir.1992). The tax court's findings of fact are reviewed for clear error, and this court has held that factual determinations are not clearly erroneous unless the court is left with a definite, firm conviction that a mistake has been made. Kearns, 979 F.2d at 1178 (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)). It is the taxpayer's burden of going forward and proving that a tax court's determination of deficiency is erroneous. Hagaman v. Commissioner, 958 F.2d 684, 690 (6th Cir.1992).
 
 
 5
 The tax court agreed with the Commissioner that the deficiency determination was correct and established by the evidence. Hill maintains on appeal that he earned no unreported income from cocaine and antique sales. The tax court relied upon the following evidence in determining that Hill had unreported income from cocaine and antique sales: 1) a statement from Hill's wife, provided to the Illinois State police, that Hill made "large buys of cocaine, usually kilos;" 2) Hill's own admission that he purchased and sold cocaine during 1988; 3) Hill's admission that the three ounces of cocaine that were found in the trunk of his car at the time of his arrest, belonged to him; 4) Hill's testimony during a hearing on the State's motion to deny bail (in Hill's criminal proceedings), where he admitted to operating an antique business during 1988; 5) Hill's testimony that he withdrew approximately $300 a week during 1988 after reinvesting some of the sales proceeds from the antique business; 6) an advertisement in the Zanesville Muskingum Advertiser wherein Hill and Mr. Mark Finlaw offered "Top Money Paid" for handpainted lamps and leaded lamps, and offered to purchase antique furniture, art, pottery, and quilts; 7) business cards containing Hill's name in the center of the card, the terms "lamps," "art pottery," and "paintings" along the bottom of the card, and Ohio and Florida phone numbers along the top of the card; and 8) a letter Hill admitted writing wherein he indicated that his income for the six months prior to October 23, 1988, was approximately $500 per week.
 
 
 6
 Hill produced no evidence with which to overcome the validity of the tax court's findings. He offered only his own unsubstantiated statements to refute the Commissioner's determination. The tax court was not required to give credence to Hill's self-serving and vague allegations of a cash hoard unsupported by any documentary evidence. See Conti v. Commissioner, 39 F.3d 658, 661 (6th Cir.1994), cert. denied, 115 S.Ct. 1793 (1995). Thus, Hill has not met his burden of proving that the tax court's determination of deficiency was erroneous or arbitrary.
 
 
 7
 Accordingly, the motion for leave to proceed on the appeal in forma pauperis is granted, the motion for counsel is denied, and the decision of the tax court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation