UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5977

SUI PING CHEUNG; CHING CHAN
CHEUNG,
Defendants-Appellants.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CR-95-245-PJM)

Argued: April 5, 1996

Decided: May 28, 1996

Before MURNAGHAN and LUTTIG, Circuit Judges, and
MICHAEL, Senior United States District Judge for the Western
District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Gerard Patrick Martin, MARTIN, JUNGHANS, SNY-
DER & BERNSTEIN, P.A., Baltimore, Maryland, for Appellants.
Brent Jefferson Gurney, Assistant United States Attorney, Greenbelt,
Maryland, for Appellee. **ON BRIEF:** Paul M. Junghans, William S.
Heyman, MARTIN, JUNGHANS, SNYDER & BERNSTEIN, P.A.,

Baltimore, Maryland, for Appellant Sui Pin Cheung; Fred R. Joseph, JOSEPH, GREENWALD & LAAKE, Greenbelt, Maryland, for Appellant Ching Chan Cheung. Lynne A. Battaglia, United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants challenge the district court's denial of their motion to dismiss the conspiracy and currency structuring counts of the indictment against them as contrary to the Double Jeopardy Clause because the same offenses had already served as the basis of a civil forfeiture settlement. We agree with the district court that appellants essentially waived any Double Jeopardy claim through the express terms of their prior settlement agreement, and therefore affirm the judgment of the district court without reaching the merits of the Double Jeopardy claim.

I.

Appellants, Sui Ping Cheung and Ching Chan Cheung, own several restaurants and other small businesses in Maryland and the District of Columbia. After Mrs. Cheung was observed by a special IRS agent on a number of occasions depositing $9,000 cash in various branches of the banks at which the Cheungs maintained accounts, allegedly structured to avoid currency reporting requirements, law enforcement officials seized the accounts and other cash in the Cheungs' possession and initiated civil forfeiture proceedings. The Cheungs and the government ultimately entered into a settlement agreement, whereby some of the Cheungs' cash was returned, but whereby the Cheungs disavowed any claim to nearly $65,000, which was forfeited to the government. The agreement also included the following clause:

2

> The parties agree that neither party will attempt to use this agreement and/or the fact of settlement in any future civil or criminal proceedings.

J.A. at 65.

Subsequently, the government obtained a three-count criminal indictment charging the Cheungs with conspiracy to defraud by structuring, structuring in excess of $6 million, and criminal forfeiture. Because of the criminal forfeiture count, the government also filed an ex parte motion, which the district court granted, for an order restraining all of the Cheungs' assets, including the cash that had previously been returned to the Cheungs pursuant to the civil forfeiture settlement. The Cheungs moved to dismiss the conspiracy and structuring counts on Double Jeopardy grounds. The government then obtained a superseding six-count indictment: conspiracy to defraud the United States (by structuring), 18 U.S.C. § 371; causing a bank to fail to file Currency Transaction Reports, 31 U.S.C. §§ 5313, 5322, & 5324(a)(1); and four counts of filing false tax returns. The first two counts were based on the same allegedly structured transactions at issue in the civil forfeiture proceedings, and the Cheungs renewed their Double Jeopardy motion as to those counts. The district court denied the Double Jeopardy motion, holding that the Cheungs had waived any such claim by virtue of the settlement agreement.

II.

Settlement agreements, like plea agreements, are ordinarily governed by general contract principles. See, e.g., Byrum v. Bear Investment Co., 936 F.2d 173, 175 (4th Cir. 1991); cf. United States v. Burns, 990 F.2d 1426, 1433 (4th Cir.), cert . denied, 508 U.S. 967 (1993); United States v. Harvey, 791 F.2d 294, 300 (4th Cir. 1986). By the plain language of the agreement between the Cheungs and the government, "neither party" could "use th[e] agreement and/or the fact of settlement in any future civil or criminal proceedings." J.A. at 65. The Cheungs' use of the agreement to establish prior jeopardy is therefore foreclosed, and their Double Jeopardy claim necessarily fails.

The Cheungs' several arguments to avoid the clear import of the agreement's language are altogether unavailing. First, the Cheungs

3

assert that the language was intended only to mean that neither party could use the agreement as evidence in future proceedings either of an admission of structuring or as a denial of structuring. The plain language of the agreement contains no such limitation, however, and as we held in Burns, if an agreement "`is unambiguous as a matter of law, and there is no suggestion of government overreaching of any kind, the agreement should be interpreted and enforced accordingly.'" Burns, 990 F.2d at 1433 (quoting Harvey, 791 F.2d at 300); see also United States v. United Medical and Surgical Supply Corp., 989 F.2d 1390, 1400-01 (4th Cir. 1993).

Second, the Cheungs claim that they did not "use" the settlement agreement, but only the order implementing the settlement agreement, in their assertion of Double Jeopardy. This is a semantic distinction bordering on the frivolous, especially given that the agreement by its express terms bars use both of "the agreement" and of "the fact of settlement."

Third, the Cheungs argue that a waiver is only valid if it expressly refers to the Double Jeopardy Clause. The cases from the Second and Tenth Circuits on which they rely, however, involved settlement provisions materially different from the provision at issue here. In United States v. Morgan, 51 F.3d 1105, 1109 (2d Cir.), cert. denied, 116 S. Ct. 171 (1995), the settlement contained the following stipulation:

> This STIPULATION and CONSENT, the ORDER, and RESPONDENT'S compliance with the ORDER, do not compromise, settle, dismiss, resolve, or in any way affect:
>
> . . .
>
> b. any civil or criminal claims, actions, or charges against or liability of RESPONDENT or any other individual or entity asserted by any governmental entity other than the OTS. [Office of Thrift Supervision].

Similarly, the settlement at issue in United States v. Hudson, 14 F.3d 536, 538-39 (10th Cir. 1994), provided:

4

> [N]othing herein constitutes, nor shall Respondent contend that it constitutes, a waiver of any right, power, or authority of any other representatives of the United States, or agencies thereof, to bring other actions deemed appropriate.

In contrast, the provision at issue in the instant case is the only one of the three that bars the use of the settlement agreement by either party in any future proceeding. The Second Circuit's statement in Morgan that a valid waiver must contain an explicit renunciation "of a double jeopardy defense against future criminal proceedings," 51 F.3d at 1110, dictum in any event, is contrary to Ricketts v. Adamson, 483 U.S. 1, 9 (1987), in which the Supreme Court held that a Double Jeopardy claim had been waived by a plea agreement that did not mention the Double Jeopardy Clause.

Finally, the Cheungs argue that, even if there was a waiver, the settlement agreement is null and void because the government materially breached it by obtaining an indictment seeking criminal forfeiture of the very same assets that had been returned to the Cheungs pursuant to the civil forfeiture settlement agreement, and when it sought, and obtained, a restraining order on those assets.

The superseding indictment does not, of course, retain the criminal forfeiture count, but there is nothing in the settlement agreement that even arguably would prohibit the government from bringing such a charge. Indeed, future criminal proceedings were expressly contemplated by the settlement agreement. The government did not, therefore, breach the civil forfeiture settlement agreement by initiating a separate criminal prosecution, even one that included a criminal forfeiture count.

The judgment of the district court is affirmed.

AFFIRMED

5