**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JEANNE C. MURPHY,
Plaintiff-Appellant,

v.                                                               No. 95-2006

UNITED STATES OF AMERICA,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-94-1214-A)

Submitted: November 30, 1995

Decided: January 30, 1996

Before WILLIAMS and MOTZ, Circuit Judges, and CHAPMAN,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Russell W. Ray, Vienna, Virginia, for Appellant; Jeanne C. Murphy,
Appellant Pro Se. Loretta C. Argrett, Assistant Attorney General,
Gary R. Allen, Gilbert S. Rothenberg, Bridget M. Rowan, Helen F.
Fahey, United States Attorney, Tax Division, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Appellant, Jeanne Murphy, appeals the district court's order dismissing her claims for tax refunds in years 1986, 1987, and 1988. Murphy received taxable income in those years by receiving a military survivor's pension. In 1991, the Board of Veterans Appeals awarded Murphy tax-exempt benefits administered by the Veterans Administration in lieu of her military survivor's pension retroactively to 1986. The Internal Revenue Service denied as untimely Murphy's claim for refund for these three years based on the tax-exempt portion of her benefits she had previously received as a fully-taxed pension. Murphy filed this suit contending that the statute of limitations was equitably tolled, that veterans benefits are exempt from the statute of limitations, and that the operation of the statute of limitations is a denial of due process. Finding no reversible error, we affirm.

We find our recent decision in Webb v. United States, 66 F.3d 691 (4th Cir. 1995), largely dispositive of this action. In Webb, we held that "there is no presumption of equitable tolling applicable in tax refund cases, but that even if such a presumption were applicable in suits for tax refunds, that presumption has been rebutted by a statutory scheme inconsistent with equitable tolling." Accordingly, Murphy's refund claims were untimely, and the district court's dismissal was proper.

Further, Murphy's contentions that the tax-exempt status of veterans benefits makes the statute of limitations inapplicable, and that applying I.R.C. § 6511 to her claims amounts to a denial of due process, are without merit. A tax exemption provides grounds for recovery of tax erroneously paid on exempt income, but the requirements of § 6511 must be satisfied for a refund to result. Any claim for refund must be filed within three years from the time the return was filed or two years from the time the tax is paid, whichever is later.[1]

_____

[1] I.R.C. § 6511(a).

2

No refund is allowed after the expiration of the time period.**2** Compliance with the statutory conditions for tax refund claims cannot be excused because other statutes have exempted the income that is subject to the claim.

Congress recognized that by establishing a filing deadline there would be some meritorious claims that fail because of the limitations bar.**3** Statutory limitations on filing claims for refunds are an essential element of tax policy and do not constitute a denial of due process.**4** Further, Murphy could have avoided the bar of the statute of limitations by filing a protective claim asserting that in the event she was awarded tax-exempt veterans benefits in lieu of a taxable pension, she would claim a refund for taxes paid.**5**

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

**2** I.R.C. § 6511(b).
**3** <u>**See Rothensies v. Electric Storage Battery Co.**</u>, 329 U.S. 296, 301-02 (1946).
**4** <u>**Id.**</u>
**5** <u>**See United States v. Kales**</u>, 314 U.S. 186, 195 (1941).